Jerome STANLEY, et al.

v.

**NUMERO UNO FRANCHISE CORP., et al.**

**Civ. A. No. 90–83–B.**

United States District Court, M.D. Louisiana.

June 23, 1990.

---

S. David Holladay, Baton Rouge, La., for plaintiffs.

Thomas R. Peak, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendants.

### RULING ON RONALD GELET'S MOTION TO DISMISS

POLOZOLA, District Judge.

L. Jerome Stanley, Dr. Jacques de la Bretonne, and Ed W. Litolff, Jr. filed this suit for breach of contract in the 19th Judicial District Court for the Parish of East Baton Rouge against Numero Uno Franchise Corporation (Numero Uno) and Ronald Gelet. The suit was timely removed to this court by the defendants based on 28 U.S.C. § 1332. Gelet has now filed a motion to dismiss under Rules 12(b)(2) and 12(b)(4) and (5) of the Federal Rules of Civil Procedure. Gelet contends the Louisiana courts have no personal jurisdiction over him. He further argues that he was not properly served Under Rule 4 of the Federal Rules of Civil Procedure.

After reviewing the record in this case, the Court, on its own motion, transfers this case to the Central District of California.

■ A district court may issue an order transferring a case to another district, sua sponte.[1] The action may be transferred to any other district where it might have been brought for the convenience of parties and witnesses, and the interest of justice.[2]

■ Each of these requirements is supported by the facts of this case. Plaintiffs have filed this suit alleging breach of contract. Plaintiffs contend that Numero Uno did not adequately perform its obligations under the franchise agreement thereby causing them damage and ultimately forc-

ing their business to close. Section XV of the Franchise Agreement requires the Court and the parties to apply California law. The record also reveals that Stanley previously filed suit in this court against these same and other defendants wherein the same relief was requested.[3] That suit was transferred to the Central District of California and resolved in that forum. Finally, all the defendants reside in or are citizens of California. All of the other Numero Uno restaurants are located in southern California. The Court finds it will be in the interest of justice and the convenience of the parties if the suit was tried in California.[4]

The Court finds that the Central District of California is the most convenient forum in which to adjudicate this claim.

Therefore:

IT IS HEREBY ORDERED that this suit be transferred to the United States District Court for the Central District of California.

---

1. *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758 (5th Cir.1989); *Jarvis Christian College v. Exxon Corp.,* 845 F.2d 523 (5th Cir.1988).

2. 28 U.S.C. § 1404(a); *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

3. *L. Jerome Stanley v. Numero Uno Franchise Corp., et. al.,* CA 88–344.

4. *Southern Investors II v. Commuter Aircraft Corp.,* 520 F.Supp. 212 (M.D.La.1981).